NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PINNACLE CHOICE, INC., a corporation organized in the State of New Jersey et al,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN SILVERSTEIN, an individual, et al,<br><br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 07-cv-1379 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motions by Defendants Steven Silverstein, et al., ("Defendants") to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and for sanctions pursuant to Rule 11. Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion to dismiss is **granted** and that Defendants' motion for sanctions is **denied**.

I.  **BACKGROUND**

Plaintiff Michael Evan Cardimitropoulo ("Evans") created several companies focusing on the sale of medical benefits discount cards. Compl. ¶¶1, 3. Specifically, Evans created Plaintiff Pinnacle Choice, Inc. ("Pinnacle Choice"), a company which provided discount medical cards and Plaintiff Pinnacle Insurance Solutions, LLC ("Pinnacle Insurance"), which provided licensing and financial management for Pinnacle Choice. Compl. ¶¶1, 3.

Evans and Defendants Steven Silverstein, Jason Skole, Kevin Renert, Jonathan Silverstein and Anthony Meteria attempted to establish Pinnacle Health Solutions, LLC ("Pinnacle Health"). The parties' objective in creating Pinnacle Health was to use it as a means to recruit distributors for Pinnacle Choice. Compl. ¶2. Those distributors were to be enrolled in Pinnacle Choice's union and would ultimately constitute its sales force. Compl. ¶2. Recruiting was accomplished through marketing and telemarketing. Compl. ¶4. Defendants conducted these services through two companies, Health Care Plans, Inc. and Health Plans Network, Inc., both based in Lauderhill, Florida. Compl. ¶5a.

According to the Complaint, Pinnacle Choice entered into a series of agreements with Defendants to provide assistance with proprietary software, recruitment of distributors, marketing, enrollment, union membership, distributorship status and payment related issues. Compl. ¶¶20-22. In a separate agreement between Pinnacle Choice and Defendants, Pinnacle Choice agreed to pay Defendants' commissions in return for telemarketing and recruitment services. Compl. ¶¶20-22. Plaintiffs initiated the instant action, seeking relief based on Defendants' alleged breach of these agreements.

**II.   DISCUSSION**

    **A.   Pleading Requirements**

Federal Rule of Civil Procedure 8(a)(2) provides that pleadings setting forth claims for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy the pleading requirements set forth in Rule 8, a complaint need only establish a basis for judgment against the defendant. <u>Thomas v. Independence Twp.</u>, 463 F.3d 285, 295 (3d Cir. 2006). Generally, this requires the plaintiff to put the defendant on notice of the claims filed against him,

thereby making it possible for the defendant to formulate a response. See Klaitz v. N.J., No. 04-529, 2006 WL 1843115, *5 (D.N.J. June 30, 2006).

Additionally, Federal Rule of Civil Procedure 9(b) provides that common law fraud claims must be pled with specificity. To satisfy the Rule 9(b) specificity requirement, Plaintiffs must provide additional information such as the date, time, and place of the alleged fraud or who was responsible for the fraud. See Lum v. Bank of Am., 361 F.3d 217, 223-24 (3d Cir. 2004).

### B.  Standard of Review on Rule 12(b)(6) Motion to Dismiss

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir.1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. 127 S.Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Id. at 1968 (citing Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

### III.  ANALYSIS

### A.     Counts One, Two and Three

The first three "Counts" of Plaintiffs' Complaint fail to state a claim upon which relief can be granted. These claims are nothing more than factual allegations. Mere statements of fact do not state a cause of action. Accordingly, Counts One, Two and Three must be dismissed pursuant to Rule 12(b)(6) because they fail to state a claim upon which relief can be granted.

### B.     Count Four

Plaintiffs' Count Four is labeled as a breach of contract claim. The Complaint states that "the conduct of defendants, jointly and severally, constitutes a breach of contract resulting in damages to plaintiff." Compl. ¶34. The Complaint fails to identify several key facts that are necessary to put Defendants on notice of the nature of this claim or to give Defendants an opportunity to answer this Count. For example, the Complaint references "agreements" with several parties, but does not reference any actual contract. Compl. ¶23. Furthermore, Plaintiffs failed to indicate what "conduct" engaged in by what party constituted a breach of contract. See Coyle v. Englander's, 199 N.J. Super. 212, 223-24 (App. Div. 1985) (holding that the essential elements for a cause of action for breach of contract are: a valid contract, defective performance by the defendant, and resulting damages); see also Lankford v. Irby, No. 04-2636, 2006 WL 2828552, *4 (D.N.J. Sept. 29, 2006). Finally, Plaintiffs have failed to identify the damages that resulted from the alleged breach of contract. Accordingly, this Court must dismiss the Fourth Count of Plaintiffs' Complaint for failure to comply with Rule 8.

### C.     Count Five

Plaintiffs' Fifth Count asserts a breach of Defendants' alleged fiduciary duties. The

allegations set forth as to this claim are inadequate because they do not give rise to an inference that a fiduciary relationship existed between Plaintiffs and Defendants. See McKelvey v. Pierce, 173 N.J. 26, 57 (2002); *Restatement (2d) of Torts* § 874. Further, Plaintiffs have failed to assert that Defendants' conduct breached any alleged fiduciary duty. Therefore, this Court must dismiss Plaintiffs' Fifth Count pursuant to Rule 12(b)(6).

### D. Count Six

Plaintiffs' Sixth Count, labeled "Criminal Conduct," alleges that "defendants, through their acts, did violate criminal laws, including fraud, embezzlement, theft and other criminal laws." Compl. ¶36. This claim is insufficient to satisfy Plaintiffs' Rule 8 duty to put Defendants on notice of the claim filed against them such that they can adequately respond. At no time does the Complaint indicate what criminal statutes were violated or how Defendants allegedly violated them. Thus, this Court must dismiss Plaintiffs' Sixth Count pursuant to Rule 8.

### E. Count Seven

Similarly, Plaintiffs' Count Seven ("Violation of State and Federal Consumer Laws and Regulations") fails to give Defendants adequate notice of the claim brought against them, thereby denying Defendants an opportunity to adequately answer the claim. Here, Plaintiffs have vaguely referenced Defendants' alleged violation of "state and federal consumer laws and regulations." Compl. ¶37. This reference does not establish a basis for judgment against Defendants because it fails to cite which state and/or federal consumer laws have been violated, nor does it state how they were allegedly violated. Accordingly, this Court must dismiss Count Seven of Plaintiffs' Complaint pursuant to Rule 8.

### F.     Counts Eight and Nine

Plaintiffs' Counts Eight and Nine seek relief pursuant to both federal and state RICO statutes. As to the federal RICO claim, Plaintiffs assert that Defendants "through their acts . . . received income derived directly or indirectly from a pattern of criminal racketeering activity." Compl. ¶38. Regarding the state RICO claim, Plaintiffs assert that Defendants "[t]hrough their acts, did violate the New Jersey RICO Act." Compl. ¶39. Neither of these statements put Defendants on notice such that they may effectively answer these claims. Plaintiffs fail to cite which specific sections of the RICO acts Defendants allegedly violated. Moreover, Plaintiffs did not state which of Defendants' actions allegedly violated the RICO acts. Thus, this Court must dismiss Plaintiffs' Eighth and Ninth Counts pursuant to Rule 8.

### G.     Count Ten

Plaintiffs' Tenth Count alleges two causes of action: Defendants "(1) through their acts, did tortiously interfere with the prospective economic advantages of plaintiffs;" and (2) "through their acts, did tortiously interfere with the contract rights." Compl. ¶¶40, 41. To prevail on a claim for either interference with a prospective economic advantage or tortious interference, Plaintiffs must demonstrate "(1) that [Plaintiffs] had a reasonable expectation of an economic advantage; (2) that was lost as a direct result of Defendants' malicious interference; and (3) that [they] suffered losses thereby." See M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc., 205 F. Supp. 2d 306, 320 (D.N.J. 2002) (citing Lamorte Burns & Co., Inc. v. Walters, 167 N.J. 285 (2001)). Plaintiffs fail to allege any of these elements, thereby denying Defendants an opportunity to adequately respond. Thus, this Court must dismiss Plaintiffs' Count Ten pursuant to Rule 8. In the alternative, this count

-6-

may properly be dismissed pursuant to Rule 12(b)(6).

### H. Count Eleven

Plaintiffs' Count Eleven alleges that Defendants "committ[ed] legal fraud . . . equitable fraud . . .[and] fraudulently concealed material facts that Defendants had a duty to disclose." Compl. ¶¶41-44. Pursuant to Federal Rule of Civil Procedure 9(b), common law fraud must be plead with particularity. Here, Plaintiffs' Complaint lacks any specificity as to the crucial components of Plaintiffs' fraud claim such as the date, time and place of the alleged fraud or who was responsible for the fraudulent misrepresentations. Plaintiffs' broad claim that Defendants committed fraud is insufficient to withstand a motion for dismissal. See Lum, 361 F.3d at 223-24. Accordingly this Court must dismiss Count Eleven for failure to plead with specificity pursuant to Rule 9(b). In the alternative, this count may properly be dismissed pursuant to Rule 12(b)(6).

### I. Count Twelve

Plaintiffs broadly allege that Defendants have violated the Federal Trade Commissions Act ("FTCA"), 15 U.S.C. § 41, by "engaging in unfair and deceptive acts and practices affecting commerce." Compl. ¶45. In Count Twelve, Plaintiffs fail to cite a section of the FTCA under which they seek to hold Defendants liable. While Plaintiffs cite Section 41, that particular section does not provide for a cause of action - it merely defines the Federal Trade Commission. Furthermore, the Complaint does not provide specifics relating to Defendants' actions that allegedly violated the FTCA. Neither this Court nor Defendants can reasonably be expected to infer which part of the statute Defendants allegedly violated. Thus, this count must be dismissed pursuant to Rule 8.

### J. Count Thirteen

Plaintiffs allege that Defendants have violated the Lanham Trademark Act, 15 U.S.C. §§ 1051-1127, "by engaging in activities which materially affected Pinnacle Choice." Compl. ¶ 46. The Lanham Trademark Act is a lengthy statute covering multiple prohibitions and various unlawful activities. Plaintiffs' broad reference to the Lanham Act is insufficient to put Defendants on notice of the claims brought against them. Thus, this Court must dismiss this Count pursuant to Rule 8.

### K.     Count Fourteen

Plaintiffs allege that Defendants acted negligently in several aspects of their business practices; however, Plaintiffs failed to state that Defendants owed a duty of reasonable care - an essential element to a negligence claim. See Carvalho v. Toll Bros. and Developers, 143 N.J. 565, 572 (1996) (holding that whether there exists a duty to exercise reasonable care is a question of policy and consideration of many factors). Here, Plaintiffs' allegation that Defendants were "negligent" by "mishandl[ing]" certain functions that they were allegedly required to perform is insufficient to satisfy the Rule 8 pleading requirement. Moreover, Plaintiffs cannot seek relief pursuant to a tort claim where Plaintiffs' claims are governed by a contract. See Int'l Minerals and Mining Corp. v. Citicorp N. Am., 736 F. Supp. 587, 597 (D.N.J. 1990 (holding that "no cause of action sounding in tort would exist independent of the contractual remedies"). Accordingly, Count Fourteen must be dismissed pursuant to Rule 8.

### L.     Count Fifteen

Plaintiffs allege that "defendants, through their conduct, did breach the implied covenant of good faith and fair dealing with plaintiffs." Compl. ¶48. Again, Plaintiffs fail to plead in a manner that is sufficient for Defendants to respond. The facts, as indicated above, mentioned an agreement,

but fail to state the terms of the agreement or the duties of the parties pursuant to the agreement. Without these assertions, it is impossible for this Court or Defendants to discern whether Defendants owed a duty of good faith and fair dealing. Thus, this Count does not sufficiently state Plaintiffs' claim for relief such that Defendants can adequately respond. Accordingly, Count Fifteen must be dismissed pursuant to Rule 8.

### IV.   MOTION FOR RULE 11 SANCTIONS

Defendants move for sanctions on the ground that Plaintiffs acted unreasonably in filing their Complaint because the Complaint is allegedly not grounded in fact and the claims set forth therein are without legal support. "Generally, sanctions are prescribed only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." Ford Motor Co. v. Summit Motor Prods. Inc., 930 F.2d 277, 289 (3d Cir. 1991) (quoting Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988)) (internal citations omitted). This Court is vested with broad discretion in determining whether sanctions are appropriate. See Doering, 857 F.2d at 195. It is the finding of this Court that Plaintiffs' conduct is not the "exceptional circumstance" that would justify an award of sanctions.

### V.   CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motion to dismiss is **granted** and that Defendants' motion for sanctions is **denied**. An appropriate Order accompanies this Opinion.

    S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        July, __27__ 2007
Orig.:        Clerk
cc:          Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File